CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 20 2018

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:14CR00052 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| BRANDY DAWN KELLY, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

Brandy Dawn Kelly, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Kelly alleges that she is entitled to a reduced sentence because of the minor role that she played in the criminal conduct and because the victim who overdosed had multiple drugs in her system. The government filed a motion to dismiss and the time within which to respond has now expired, making this matter ripe for disposition. After reviewing the record and briefs, the court concludes that Kelly has not stated any meritorious claims for relief under § 2255 and the government's motion to dismiss must be granted.

I.

On November 12, 2014, a federal grand jury indicted Kelly and a codefendant, charging them with conspiracy to distribute and possess with intent to distribute heroin, the use of which resulted in the serious bodily injury and death of R.F.L., in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) ("Count One"), and knowingly and intentionally distributing and aiding and abetting in the distribution of a measurable quantity of a mixture and substance containing a detectable amount of heroin, the use of which resulted in the serious bodily injury and death of R.F.L, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count Two"). Indictment at 1-2, ECF No. 15. On May 22, 2015, Kelly and the government

entered into a written plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which Kelly agreed to plead guilty to a lesser included offense of Count Two: distribution of heroin. Plea Agree. at 1, ECF No. 49. The plea agreement noted that the maximum term of imprisonment Kelly could face for a distribution of heroin conviction was 20 years, but if she were convicted of distribution of heroin resulting in death, she would have faced a mandatory minimum term of imprisonment of 20 years and a maximum of life. Id. at 1-2. The parties agreed that Kelly would be sentenced to between 108 and 174 months' incarceration. Id. at 1.

A guilty plea hearing was held on May 26, 2015 before a federal magistrate judge. Kelly affirmed that she had received a copy of the indictment and plea agreement and had had an adequate opportunity to discuss both with counsel. Plea Hr'g Tr. at 6, ECF No. 122. Kelly affirmed that she was satisfied with her counsel's representation. Id. at 6. The government reviewed the essential terms of the plea agreement on the record and noted that Kelly gave up her right to appeal and to collaterally attack her sentence except in limited circumstances. Id. at 8-12. The court asked Kelly whether she understood that "this plea agreement is pursuant to Rule 11(c)(1)(C)? If the district judge accepts the plea agreement, then the judge is required to sentence you somewhere within the range that you and the government have agreed to, which is 108 to 174 months' imprisonment." Id. at 14. Kelly stated that she understood. Id. Kelly affirmed her understanding that by pleading guilty, she was giving up her right to appeal and to collaterally attack her sentence, except in very limited circumstances. Id. at 14-15.

The government filed a statement of facts signed by Kelly and her counsel, which provided that Kelly facilitated a heroin sale between a supplier and R.F.L. Statement of Facts at 1, ECF No. 48. Kelly obtained 3 bags of heroin of .1 grams each from the supplier, sold them to R.F.L. for $100, and then gave the money to the supplier and received some heroin in exchange. Id. Not long after receiving the drugs, R.F.L. overdosed and died. Id. at 2. The medical examiner from the Virginia Department of Health determined the cause of death as "acute combined heroin and cocaine poisoning." Id. The medical examiner also noted that R.F.L. had what is considered a "lethal level" of heroin in her system, and that it would "surely be enough to cause at least serious bodily injury to a person." Id. Kelly admitted that the statement of facts accurately reflected the facts of the case and that she wanted to plead guilty. Plea Hr'g Tr. at 24-25, ECF No. 122. The court found that Kelly was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges against her and the consequences of pleading guilty. Id. at 26. Further, it recommended that the presiding district judge accept Kelly's plea and adjudge her guilty. Id.

The Presentence Investigation Report ("PSR") recommended a total offense level of 35, which included a three-level reduction for acceptance of responsibility, a criminal history category of II, resulting in a guideline imprisonment range of 188 to 235 months. PSR ¶ 65, ECF No. 91. Both the defense and the government filed sentencing memoranda. The government argued that the sentencing factors in 18 U.S.C. § 3553(a) supported imposition of a sentence between 111 and 117 months, at the low end of the agreed-upon range. U.S. Sent. Mem. at 7-12, ECF No. 86. The defense argued that Kelly was an addict, R.F.L. was a

3

friend, who contacted Kelly in order to obtain drugs, which prompted Kelly to facilitate the heroin sale, although Kelly did not receive any money. Def. Sent. Mem. at 5-6, ECF No. 85. Accordingly, a sentence of 108 months was appropriate: the lowest sentence in the agreed-upon range. Id. at 19.

A sentencing hearing was held on November 18, 2015. The court asked Kelly whether she understood that if it accepted the plea, it must sentence her within the sentencing range of 108 to 174 months' incarceration. Sent. Hr'g Tr. at 14, ECF No. 121. Kelly affirmed that she understood. Id. The court accepted Kelly's guilty plea and sentenced her to 108 months' incarceration. Id. at 29.

Kelly did not appeal. She filed a motion arguing that she is entitled to a reduction in her sentence, following an amendment to U.S. Sentencing Guideline ("U.S.S.G.") § 3B1.2, for playing a minor role in the criminal activity. Mot. at 1, ECF No. 115. The court notified Kelly that because she appeared to be challenging her sentence, the court intended to address her motion as a § 2255 petition, and directed her to submit a completed § 2255 motion form, if she wished to so proceed. Order at 3, ECF No. 114. Kelly filed the requisite § 2255 form, stating that the "victim had other drugs in her system at the time she overdosed." § 2255 Mot. at 9, ECF No. 116. The government responded to both motions.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

4

28 U.S.C. § 2255(a). Kelly bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Minor Role Reduction

Kelly argues that she should receive a minor role reduction based on Amendment 794 to the U.S. Sentencing Guidelines manual. Amendment 794 amended U.S.S.G. § 3B1.2, and allows for a reduced sentence for a defendant found to be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. n. 3(A).

This argument is waived. Kelly's plea agreement expressly waived her right to collaterally attack her sentence, other than to raise issues that cannot be waived by law or that allege ineffective assistance of counsel. Plea Agree. at 6-7, ECF No. 49. Collateral attack waivers are generally enforceable following a knowing and voluntary plea. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The court ultimately determined that Kelly's guilty plea, made in open court following a detailed plea colloquy, was knowingly and voluntarily made; indeed Kelly does not argue otherwise.

Even on the merits, however, Kelly cannot prevail. She entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provided for an agreed-upon sentencing range of 108 to 174 months' incarceration. Rule 11(c)(1)(C) permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement." A Rule 11(c)(1)(C) plea agreement is not based on the advisory guideline range in a defendant's case, unless the plea specifically sets forth the guideline range or the guideline range is otherwise evident. See Freeman v. United States, 564 U.S.

522, 534, 539 (2011) (Sotomayor, J. concurring) (noting, in concurrence, that a Rule 11(c)(1)(C) plea agreement is sometimes based on sentencing guidelines, but only when the agreement itself "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or the sentencing range is otherwise "evident from the agreement itself"); see also United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (concluding that Justice Sotomayor's concurring opinion, which is narrower than the plurality, controls). In Kelly's case, the plea agreement did not specify or rely on the advisory guideline range. Because she agreed to the sentence imposed—a sentence that was not contingent on her advisory guideline range—Kelly cannot establish that a change in her guideline range would have any effect on her sentence. Therefore, this issue must be dismissed.

B. But-For Causation

On the § 2255 form that Kelly provided to the court following her initial pleading, she asserted, "My victim had other drugs in her system at the time she overdosed. I was told through my lawyer that due to the amount of heroin that that was enough alone." § 2255 Mot. at 12, ECF No. 116.

To the extent that Kelly is arguing that she deserves a reduced sentence because the evidence is insufficient for a conviction to stand, this claim lacks merit for many reasons. First, it is waived. Lemaster, 403 F.3d at 220. Second, she pleaded guilty to distribution—not distribution resulting in death—and Kelly admits that she provided R.F.L. with heroin.

Finally, Kelly cannot establish either that counsel provided deficient performance or that she suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). It is true

6

that in order for Kelly to have been found guilty at trial, the government must have proved "that the harm [to the victim] would not have occurred in the absence of—that is, but for— the defendant's conduct." Burrage v. United States, 134 S. Ct. 881, 887-88 (2014) (internal quotation marks omitted). The statement of facts that Kelly signed provided that R.F.L. had died of "acute combined heroin and cocaine poisoning." Statement of Facts at 2, ECF No. 48. However, it also provided that the medical examiner noted that the heroin level in R.F.L.'s blood was of a "lethal level," and "would surely have been enough to cause at least serious bodily injury to a person." Id. In addition, a forensic toxicologist concluded that R.F.L. had a lethal dose of heroin in her system. Id. Moreover, at sentencing, the court noted that questions remained regarding causation, but understood the motivation of both parties to agree to a plea in light of the statements by the medical examiner and forensic toxicologist, which supported the government's position. Sent. Hr'g Tr. at 8-9, ECF No. 121. Kelly's brief statement regarding her counsel's advice does not establish that the she received ineffective assistance. It appears, based on the statement of facts, that the amount of heroin, alone, found in R.F.L.'s system would have been fatal. So counsel's statement suggesting that the heroin, alone, would have been sufficient to kill R.F.L. was not clearly unreasonable. Strickland, 466 U.S. at 687 (noting that a defendant must show that "counsel's errors were so serious" that the defendant was deprived of a fair proceeding in order to establish a viable ineffective assistance of counsel claim).

Kelly was well aware of the evidence. However, she decided to proceed with her guilty plea. And she received a great benefit from that plea. She pleaded guilty to a simple distribution charge, and received a nine-year sentence. If she had proceeded to trial and

been found guilty of distribution resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), she would have faced a mandatory minimum 20-year sentence. Although Kelly may now regret her decision to plead guilty, she has not established any grounds for relief.

**IV.**

For the reasons stated herein, the court grants the government's motion to dismiss. Because Kelly has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 20th day of February, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge